**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DM SYSTEMS, INC. ) | |
| ) | CASE NO.:  07cv6552 |
| Plaintiff, ) | |
| ) | JUDGE KENDALL |
| -vs- ) | |
| ) | MAGISTRATE JUDGE COLE |
| DeROYAL INDUSTRIES, INC. ) | |
| ) | |
| Defendant ) | |

**MOTION FOR LEAVE TO FILE A BRIEF IN EXCESS OF 15 PAGES**

Plaintiff, DM Systems, Inc. ("DM Systems"), by its counsel, SWANSON, MARTIN & BELL, LLP, and pursuant to Local Rule 7.1 of the Local Rules for the U.S. District Court for the Northern District of Illinois, hereby moves this Honorable Court for an Order granting it leave to file a memorandum in support of its Motion for Preliminary Injunction exceeding 15 pages.  In support thereof, DM Systems states as follows:

1. On November 19, 2007, DM Systems filed an action against DeRoyal Industries, Inc. ("DeRoyal") pursuant to the Lanham Act, Illinois statutory and common law, and the Copyright Act.  *See*, *generally*, Complaint.  DM Systems' causes of action are based on DeRoyal's use of the mark "HEEL BOOST" in connection with a specialized medical boot that looks nearly identical to DM Systems' suspension boot product sold under the trademark HEELIFT®.

2. DeRoyal's HEEL BOOST mark, product, and instruction guide infringe on DM Systems' registered trademark, trade dress, and copyrighted product literature.  Consequently, contemporaneously with this motion, Plaintiff filed a Motion for

Preliminary Injunction to enjoin DeRoyal's continued infringement of DM Systems' protectable trademark, trade dress and copyright rights.

3. To obtain a preliminary injunction, Plaintiff must show [1] some likelihood of success on the merits; [2] that no adequate remedy at law exists; [3] that it will suffer irreparable harm which, absent injunctive relief, outweighs the harm the non-movant will suffer if the injunction is granted; and [4] that the injunction will not harm the public interest. *Brown v. Brown, Inc. v. Ali*, 494 F. Supp. 2d 943, 949 (N.D. Ill. 2007).

4. Plaintiff asserts seven causes of action in its Complaint, including: [1] trademark infringement under 15 U.S.C. §1114; [2] unfair competition and false designation of origin under 15 U.S.C. §1125; [3] unfair competition in violation of the common law of the State of Illinois; [4] deceptive trade practices in violation of 815 ILCS 510/2, *et seq.*; [5] consumer fraud and deceptive business practices in violation of 815 ILCS 505/1, *et seq.*; [6] trademark dilution in violation of 765 ILCS 1036/65; and [7] copyright infringement under the Copyright Act, 17 U.S.C. §101, *et seq*.

5. In order to satisfy its burden for obtaining a preliminary injunction, Plaintiff must establish, *inter alia*, a likelihood of success on each of the foregoing causes of action, which will require a legal analysis of the elements of seven different causes of action. In addition, Plaintiff will be required to set forth a detailed set of facts and events in order for the Court to make a fully informed ruling, and will need to analyze the irreparability of harm and balance the harms to all parties and the public. Consequently, in order to adequately meet its burden and to sufficiently inform the Court of the relevant facts and legal analysis, Plaintiff will need to file a memorandum in support of its Motion for Preliminary Injunction that exceeds the 15 page limit set forth in Local Rule 7.1.

WHEREFORE, Plaintiff, DM Systems, Inc., respectfully requests that this Court grant its motion to file a memorandum in support of its Motion for Preliminary Injunction exceeding 15 pages.

        Respectfully submitted,

        SWANSON, MARTIN & BELL, LLP

        /s/ P. Stephen Fardy
        One of the Attorneys for
        DM Systems, Inc.

P. Stephen Fardy, #6230900
Brendon P. Friesen, #6291555
Keely V. Lewis #6280469
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100

3