**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DM SYSTEMS, INC. ) | |
|   ) | CASE NO.: 07cv6552 |
| PLAINTIFF, ) | |
|   ) | JUDGE KENDALL |
| -vs- ) | |
|   ) | MAGISTRATE JUDGE COLE |
| DeROYAL INDUSTRIES, INC. ) | |
|   ) | |
| DEFENDANT ) | |
|   ) | |

**PLAINTIFF DM SYSTEMS' FIRST SET
OF INTERROGATORIES TO DEFENDANT**

Plaintiff, DM Systems, Inc. ("DM Systems"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby serves their First Set of Interrogatories to Defendant DeRoyal Industries, Inc.. Each interrogatory is to be answered under oath by an officer or agent of Defendant who has best knowledge of the facts, or may be answered by several officers or agents, each answering those parts to which he or she has best knowledge. The following Instructions and Definitions apply to these Interrogatories.

**INSTRUCTIONS**

1.     If Defendant maintains that any exemption(s) or privilege(s) exist, it shall fully and completely identify the specific exemption or privilege that it claims exists as to each discovery request.

2.     In the event Defendant claims that an interrogatory is overly broad, it is requested to respond to that portion of the request that is unobjectionable and specifically identify that portion of the request that is allegedly overly broad.

3.  In the event Defendant claims that an interrogatory is unduly burdensome, it is requested to respond to that portion of the request that is unobjectionable and specifically identify that portion which is allegedly unduly burdensome.

4.  These Interrogatories are deemed to be continuing in nature and, to the extent required by the Federal Rules of Civil Procedure, Defendant is to supplement discovery responses requested herein with information that may become known or available to it after the date of its initial response.

## DEFINITIONS

1.  "Plaintiff" shall mean DM Systems, Inc. and its officers, employees, agents, representatives, anyone acting on its behalf or at its request.

2.  "Defendant" shall mean DeRoyal Industries, Inc. and its officers, employees, agents, representatives, and anyone acting on its behalf or at its request, Related Companies (as defined herein), and DeRoyal Industries, Inc.'s predecessors-in-interest.

3.  "Complaint" shall mean the complaint filed in this action.

4.  "United States" shall have the meaning as set forth in 15 U.S.C. §1127.

5.  "Plaintiff's Mark" shall mean the mark HEELIFT as shown in U.S. Trademark Registration No. 2504470.

6.  "Plaintiff's Trade Dress" shall mean the protectable trade dress of the HEELIFT suspension boot as defined in the Complaint and depicted in Exhibit 2 thereto, namely, a specialized flesh colored foam boot, two white distinctively sized and placed straps, a distinctive white backing, and a distinctive hole pattern.

7. "Plaintiff's Copyright" shall mean U.S. Copyright Registration No. VA-1-077-005.

8. "Suspension Boot" shall mean a protective pressure reducing boot for the prevention and treatment of ankle, foot, hip, and heel injuries.

9. "Related Company" shall have the meaning set forth in 15 U.S.C. § 1127.

10. "Mark" shall mean a trademark, service mark, or trade name as defined in 15 U.S.C. § 1127.

11. "Third Party" means a third party that is not a Related Company.

12. "Person(s)" shall mean any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency and any agent of the foregoing.

13. Where an interrogatory requests the identification of a person or persons, state the full name, title, and present address, or if unknown, the last known address, and the employer of each such person or persons.

14. When an interrogatory requests identification of a thing, including but not limited to products, or other physical objects, furnish a complete description of the things, including its common designation, its composition, its physical characteristics, and any other distinguishing characteristics.

15. Where an interrogatory requests the identification, listing or description of an act or event, the following information as to each such act or event shall be included wherever applicable:

   a. date;
   b. place; and

  c. identification of each person present and the name of the organization that each represented or with which each was connected.

14. Relat(ing). The terms "relate to" or "relating" shall mean in any way, directly or indirectly, in whole or part, relating to, concerning, referring to, discussing, mentioning, regarding, pertaining to, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, refuting, undermining, canceling, contradicting or negating.

15. "Related Company" shall have the meaning set forth in 15 U.S.C. § 1127.

16. "Third Party" means a third party that is not a Related Company.

17. The terms "you" and "your" shall mean Defendant.

## INTERROGATORIES

1. Identify all persons answering these interrogatories.

**ANSWER:**

2. Identify your corporate structure, including state of incorporation, principal place of business, all officers, directors, and shareholders.

**ANSWER:**

3. Identify all persons with knowledge of facts relevant to the contentions in the Complaint.

**ANSWER:**

4. Identify with particularity each and every product upon or in connection wherein Defendant has used the term "HEEL BOOST," both alone and in combination

4

with other words or designs.

**ANSWER:**

5. For each of the products identified in response to Interrogatory No. 4, state the approximate timeframe during which each such product or service was in existence.

**ANSWER:**

6. Identify all Person(s) who have knowledge of facts and/or documentation relating or referring to the date of first use of the products identified in response to Interrogatory No. 4, and state the scope and nature of each Person's knowledge.

**ANSWER:**

7. For each of the products identified in response to Interrogatory No. 4, describe in detail all outlets and channels of trade through which the products and services are marketed, distributed, and/or sold.

**ANSWER:**

8. Identify all sales agents, independent contractors or otherwise, of the products identified in response to Interrogatory No. 4.

**ANSWER:**

9. For each of the products identified in response to Interrogatory No. 4, state the yearly gross revenue and quantity of sales of such products and services annually, by dollars and by unit, for each year since the earliest date upon which Defendant has sold such products.

**ANSWER:**

10. Identify all instances where Defendant has advertised, promoted, exhibited,

5

offered for sale or sold any of the products identified in response to Interrogatory No. 4.

**ANSWER:**

11. Identify all purchasers of the products identified in response to Interrogatory No. 4 and state the date, quantity, and dollar amount of each sale.

**ANSWER:**

12. Identify all persons who designed, formulated, manufactured, or created the products identified in response to Interrogatory No. 4.

**ANSWER:**

13. Identify your relationship, if any, with Fortunique, Inc. in Houston, Texas.

**ANSWER:**

14. State in detail your reasons for selecting the name "HEEL BOOST" for use in connection with your Suspension Boot.

**ANSWER:**

15. State in detail your reasons for selecting the product configuration of your Suspension Boot bearing the name HEEL BOOST and identify those persons charged with the responsibility for making the selection.

**ANSWER:**

16. State if Defendant is either (a) aware of any instances of actual confusion between Defendant's Suspension Boot marketed under or used in connection with the name HEEL BOOST and the Plaintiff's Mark for the same and similar goods or (b) Defendant received any misdirected mail, telephone calls, orders, inquiries or complaints that were intended for Plaintiff, then describe each

instance or occurrence, including but not limited to, the nature of the occurrence, the date and location it took place, the identification of the person(s) involved or having knowledge and the identification of the documents that refer to or relate to the instance of confusion or misdirected communication.

**ANSWER:**

17. State the date and describe in detail the circumstances under which Defendant first learned of Plaintiff's Mark and/or Plaintiff's Trade Dress and the use thereof.

**ANSWER:**

18. Identify each and every one of Plaintiff's goods, brochures, advertisements, promotional material or other printed material used in connection with Plaintiff's Mark, which has at any time been in the possession, custody or control of Defendant.

**ANSWER:**

19. Identify each trademark for which application to register has been made and/or registration obtained, whether State or Federal, by Defendant for any mark containing or comprising the term "HEEL BOOST" or variations thereof, alone or in combination with other terms.

**ANSWER:**

20. Identify all advertisements, marketing, product literature, instruction guides, or promotional material for Defendant's HEEL BOOST product including the date on which the Defendant first formulated or created the idea, preparation, formulation, and completion of all stages, models, prototypes, revisions, drafts, and versions of the Defendant's work, including for each such draft or version.

**ANSWER:**

21. State the date and describe in detail when Defendant first became aware of Plaintiff's Copyright.

**ANSWER:**

22. Identify all Persons whose testimony Defendant intends to rely upon as fact witnesses in the hearing and/or trial in this matter and state the scope and nature of each Person's expected testimony.

**ANSWER:**

23. Identify all Persons whose testimony Defendant intends to rely upon as expert/technical witnesses in the hearing and/or trial in this matter and state the scope, nature and details of each Person's testimony.

**ANSWER:**

        Respectfully submitted,

        SWANSON, MARTIN & BELL, LLP


        /s/ P. Stephen Fardy
        One of the Attorneys for
        DM Systems, Inc.

P. Stephen Fardy, #6230900
Brendon P. Friesen, #6291555
Keely V. Lewis #6280469
**Swanson, Martin & Bell, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100

8