IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DM SYSTEMS, INC. | ) |
| | ) CASE NO.: 07cv6552 |
| Plaintiff, | ) |
| | ) JUDGE KENDALL |
| -vs- | ) |
| | ) MAGISTRATE JUDGE COLE |
| DeROYAL INDUSTRIES, INC. | ) |
| | ) |
| Defendant | ) |

**PLAINTIFF DM SYSTEMS' FIRST SET OF REQUEST
FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT**

Plaintiff, DM Systems, Inc. ("DM Systems"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby serves their First Set of Requests for Production of Documents and Things to Defendant DeRoyal Industries, Inc. The following Instructions and Definitions apply to these Requests. DM Systems requests that Defendant produce and make available for inspection and copying all documents and tender all samples and things requested below, at the offices of Swanson, Martin & Bell, LLP, at 330 N. Wabash, Suite 3300, Chicago, IL 60611.

**INSTRUCTIONS**

1.      If Defendant maintains that any exemption(s) or privilege(s) exist, it shall fully and completely identify the specific exemption or privilege that it claims exists as to each discovery request.

2.      In the event Defendant claims that a request is overly broad, it is requested to respond to that portion of the request that is unobjectionable and specifically identify that portion of the request that is allegedly overly broad.

3. In the event Defendant claims that an interrogatory is unduly burdensome, it is requested to respond to that portion of the request that is unobjectionable and specifically identify that portion which is allegedly unduly burdensome.

4. These requests are deemed to be continuing in nature and, to the extent required by the Federal Rules of Civil Procedure, Defendant is to supplement its responses with information that may become known or available to it after the date of its initial response.

## DEFINITIONS

1. "Plaintiff" shall mean DM Systems, Inc. and its officers, employees, agents, representatives, anyone acting on its behalf or at its request.

2. "Defendant" shall mean DeRoyal Industries, Inc. and its officers, employees, agents, representatives, and anyone acting on its behalf or at its request, Related Companies (as defined herein), and DeRoyal Industries, Inc.'s predecessors-in-interest.

3. "Complaint" shall mean the complaint filed in this action.

4. "United States" shall have the meaning as set forth in 15 U.S.C. §1127.

5. "Plaintiff's Mark" shall mean the mark HEELIFT as shown in U.S. Trademark Registration No. 2504470.

6. "Plaintiff's Trade Dress" shall mean the protectable trade dress of the HEELIFT suspension boot as defined in the Complaint and depicted in Exhibit 2 thereto, namely, a specialized flesh colored foam boot, two white distinctively sized and placed straps, a distinctive white backing, and a distinctive hole pattern.

7. "Plaintiff's Copyright" shall mean U.S. Copyright Registration No. VA-1-

077-005.

8. "Suspension Boot" shall mean a heel supporting boot for use by bed patients for the prevention and treatment of ankle, foot and heel sores.

9. "Related Company" shall have the meaning set forth in 15 U.S.C. § 1127.

10. "Mark" shall mean a trademark, service mark, or trade name as defined in 15 U.S.C. § 1127."Third Party" means a third party that is not a Related Company.

11. "Person(s)" shall mean any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency and any agent of the foregoing.

12. The term "document" or "documents" as used in these discovery requests means all documents and tangible things within the scope of the Federal Rules of Civil Procedure, and includes, without limitation, whether original, copy or draft, whether tangible or digital, each of the following: contracts, agreements, memoranda, assignments, licenses, minutes of meetings, minute books, books of account, orders, invoices, statements, computation sheets, notebooks, reports, photographs, drawings of any kind, tracings, blueprints, sketches, charts, catalogs, brochures, labels, packaging, advertising, e-mails, flyers, displays, proofs, communications of any kind, letters, notes in pencil, ink or typewritten, notes or records of oral or telephone communications, instructions, telegrams and other messages and writings and printed materials of every kind including copies of originals. This definition of the terms "document" or "documents" includes such documents whether or not a particular document is privileged or within Plaintiff's possession, custody or control.

13. Relat(ing). The terms "relate to" or "relating" shall mean in any way,

3

directly or indirectly, in whole or part, relating to, concerning, referring to, discussing, mentioning, regarding, pertaining to, describing, reflecting, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, modifying, amending, confirming, endorsing, representing, supporting, qualifying, terminating, revoking, refuting, undermining, canceling, contradicting or negating.

14. "Third Party" means a third party that is not a Related Company.

15. The terms "you" and "your" shall mean Defendant.

## REQUESTS FOR PRODUCTION

1. All documents and things referring and relating to the creation and selection of name HEEL BOOST, including correspondence with and memoranda between Defendant and any consultant, design firm, advertising agency, advertising media, suppliers and printers, and trademark searches (e.g. Thompson CompuMark).

2. All trademark applications filed by or on behalf of Defendant for the name HEEL BOOST, and all documents referring or relating to any such applications.

3. All documents evidencing market plans, advertising schemes or brand name development evidencing the scope of use of HEEL BOOST in all industries which Defendant has or intends to use the name HEEL BOOST.

4. All documents referring or relating to or comprising any consumer market survey, test, or study Defendant has conducted or has caused to be conducted regarding the public's recognition of or reaction to the name HEEL BOOST.

5. All documents and things referring or relating to any modification by Defendant of the name HEEL BOOST, or any variation thereof, since its first use,

including all documents relating to the reason such modification was made.

6.   All documents and things referring or relating to the creation, formulation, design, configuration, manufacturing, and/or assembling, including all modifications since its first use, of Defendant's Suspension Boot or any other products upon or in connection with Defendant has used the name HEEL BOOST.

7.   All documents and things relating to Fortunique Inc. and Defendant's Suspension Boot.

8.   All documents referring or relating to or comprising any communication or written receipt by Defendant from any person which suggests, implies, or infers any connection or association or which inquires as to whether there is or may be such a connection or association with Plaintiff.

9.   All documents and things evidencing, relating or referring in any way to when Defendant:

   a. First considered manufacturing and/or selling products using the name HEEL BOOST;

   b. First decided to manufacture and/or sell products using the name HEEL BOOST;

   c. First manufactured, marketed and/or sold products using the name HEEL BOOST;

   d. First considered the use of the name HEEL BOOST in connection with any products;

   e. First used the name HEEL BOOST in connection with any products;

10.  All documents and things evidencing, relating or referring in any way to

each package style, each label style and each draft of each such package style or label style used or considered for use in connection with containers or packaging in which Defendant is contemplating selling or has sold products or services on which the name HEEL BOOST appears.

11. All documents and things evidencing, relating or referring in any way to the annual sales volume (in quantity sold) and market penetration for products on which the name HEEL BOOST was used, listed by year.

12. All documents and things evidencing, relating or referring in any way to the nature of the goods or services on which Defendant first used the name HEEL BOOST.

13. All documents and things evidencing, relating or referring in any way to the decision to adopt and use the name HEEL BOOST, including but not limited to any documents relating or referring to all alternative marks not chosen.

14. All documents and things evidencing, relating or referring to:

   a. Potential or actual confusion or lack of confusion between Plaintiff's Mark and the name HEEL BOOST;

   b. Anticipated sales volume (quantity) and market penetration (in percentage) of Defendant's products bearing the name HEEL BOOST for the next five (5) years;

   c. The degree of competition or anticipated competition between Defendant's products on which the name HEEL BOOST is used and Plaintiff's products on which Plaintiff's Mark is used;

   d. Any market surveys, analyses or studies conducted by or on behalf of

>   Defendant, or to which Defendant has or had access concerning evidence relating or referring in any way to promotions, use, or sale regarding Suspension Boots, including but not limited to those manufactured or emanating from Defendant and/or Plaintiff; and
>
>   e. Promotional activities including advertising publications or television advertising in support of any products or services on which the name HEEL BOOST is used.

15. All documents and things evidencing, relating or referring in any way to Defendant's targeted customers and markets for its products on which the name HEEL BOOST is used.

16. All documents and things evidencing, relating or referring in any way to any comparison between products of Defendant on which the name HEEL BOOST is used, and any product marketed by or emanating from Plaintiff on which the mark HEELIFT is used, including, but not limited to comments and similarities or differences relating to:

>   a. labeling used on packaging or other containers;
>   b. trademarks used;
>   c. quality; and
>   d. marketplace and/or target customers.

17. All documents and things evidencing, relating or referring in any way to any study, evaluation, or program carried out by or for Defendant concerning the names used or considered for use on products on which the name HEEL BOOST now appears.

18. All documents and things evidencing, relating or referring in any way to

any study, evaluation or program done by or for Defendant which involved a comparison of any kind between names contemplated for use by Defendant and the name of any product marketed by or emanating from Plaintiff.

19.     All documents and things evidencing, constituting, relating or referring in any way to communications from distributors, retailers, purchasers, consumers or potential purchasers and consumers about products or services on which the name HEEL BOOST is used concerning or relating to actual or potential confusion as to the source of manufacture or marketing for those products or services.

20.     All documents and things evidencing, relating or referring to comments by customers, consumers, potential consumers and potential customers about products or services manufactured by or emanating from Defendant, including but not limited to comments about similarities or differences between Defendant's products and products manufactured by or emanating from Plaintiff.

21.     One specimen from the last twelve (12) months of each package, label, package insert, advertisement or other promotional material used or contemplated for use by Defendant in connection with the sale of products manufactured by or emanating from Defendant on or in connection with the name HEEL BOOST is used.

22.     All documents, things and surveys evidencing, relating or referring to the impact, influence or recognition of Defendant's mark on customers, users, potential customers or potential users of Defendant's products.

23.     All documents and things evidencing, relating or referring to Defendant's past or current awareness of Plaintiff and Plaintiff's presence in the medical industry.

24.     All documents and things evidencing, relating or referring to the potential

effects of Defendant's advertising or marketing or sales upon Plaintiff, including but not limited to advertising, marketing or sales of the name HEEL BOOST.

25. All documents and things evidencing, relating or referring to Defendant's advertising and/or marketing strategy and evaluations thereof with relation to products on which the name HEEL BOOST is used.

26. All documents and things evidencing, relating or referring to the current sales and/or distribution channels used by Defendant for goods or services on which the name HEEL BOOST is used.

27. All documents and things evidencing, relating or referring to the extent to which Defendant markets its products on which the name HEEL BOOST is used, including but not limited to documents that specifically mention Plaintiff's Mark.

28. All documents you intend to introduce as evidence in any hearing or trial in this matter.

29. All documents referenced to and/or reviewed in answering Plaintiff's First set of Interrogatories to Defendant.

                Respectfully submitted,

                SWANSON, MARTIN & BELL, LLP

                /s/ P. Stephen Fardy
                One of the Attorneys for
                DM Systems, Inc.

P. Stephen Fardy, #6230900
Brendon P. Friesen, #6291555
Keely V. Lewis #6280469
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100