**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DM SYSTEMS, INC.<br><br>      Plaintiff,<br><br>-vs-<br><br>DeROYAL INDUSTRIES, INC.<br><br>      Defendant | CASE NO.:  07cv6552<br><br>JUDGE KENDALL<br><br>MAGISTRATE JUDGE COLE |

## PLAINTIFF DM SYSTEMS' FIRST SET
## OF REQUEST FOR ADMISSIONS TO DEFENDANT

Plaintiff, DM Systems, Inc. ("DM Systems"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, hereby serves their First Set of Request for Admissions to Defendant DeRoyal Industries, Inc.  The following Instructions and Definitions apply to these Requests.

**INSTRUCTIONS**

1.    If Defendant maintains that any exemption(s) or privilege(s) exist, it shall fully and completely identify the specific exemption or privilege that it claims exists as to each discovery request.

2.    In the event Defendant claims that an interrogatory is overly broad, it is requested to respond to that portion of the request that is unobjectionable and specifically identify that portion of the request that is allegedly overly broad.

3.    In the event Defendant claims that an interrogatory is unduly burdensome, it is requested to respond to that portion of the request that is unobjectionable and specifically identify that portion which is allegedly unduly burdensome.

## DEFINITIONS

1. "Plaintiff" shall mean DM Systems, Inc. and its officers, employees, agents, representatives, anyone acting on its behalf or at its request.

2. "Defendant" shall mean DeRoyal Industries, Inc. and its officers, employees, agents, representatives, and anyone acting on its behalf or at its request, Related Companies (as defined herein), and DeRoyal Industries, Inc.'s predecessors-in-interest.

3. "Complaint" shall mean the complaint filed in this action.

4. "United States" shall have the meaning as set forth in 15 U.S.C. §1127.

5. "Plaintiff's Mark" shall mean the mark HEELIFT as shown in U.S. Trademark Registration No. 2504470.

6. "Plaintiff's Trade Dress" shall mean the protectable trade dress of the HEELIFT suspension boot as defined in the Complaint and depicted in Exhibit 2 thereto, namely, a specialized flesh colored foam boot, two white distinctively sized and placed straps, a distinctive white backing, and a distinctive hole pattern.

7. "Plaintiff's Copyright" shall mean U.S. Copyright Registration No. VA-1-077-005.

8. "Suspension Boot" shall mean a protective pressure reducing boot for the prevention and treatment of ankle, foot, hip, and heel injuries.

9. "Related Company" shall have the meaning set forth in 15 U.S.C. § 1127.

10. "Mark" shall mean a trademark, service mark, or trade name as defined in 15 U.S.C. § 1127.

11. "Third Party" means a third party that is not a Related Company.

12. "Person(s)" shall mean any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency and any agent of the foregoing.

13. "Related Company" shall have the meaning set forth in 15 U.S.C. § 1127.

14. "Third Party" means a third party that is not a Related Company.

15. The terms "you" and "your" shall mean Defendant.

## REQUESTS FOR ADMISSIONS

1. Admit that Defendant has used in commerce in the United States the name HEEL BOOST in connection with a product sold by Defendant.

**ANSWER:**

2. Admit that Defendant has used in commerce in the United States the name HEEL BOOST in connection with a Suspension Boot.

**ANSWER:**

3. Admit that Plaintiff has a registered and incontestable federal trademark in and to the Mark "HEELIFT."

**ANSWER:**

4. Admit that Defendant was aware of Plaintiff's Mark when it first used in commerce in the United States the name HEEL BOOST in connection with a Suspension Boot sold by Defendant.

**ANSWER:**

5. Admit that Defendant was aware of Plaintiff's Trade Dress when it first placed into the stream of commerce in the United States the product bearing the name HEEL BOOST.

**ANSWER:**

      6.    Admit that Plaintiff has prior use of the Mark HEELIFT.

**ANSWER:**

      7.    Admit that Plaintiff's Suspension Boot predates Defendant's HEEL BOOST Suspension Boot.

**ANSWER:**

      8.    Admit that the document attached to the Complaint as Exhibit 4 is a true and correct copy of Defendant's HEEL BOOST product literature.

**ANSWER:**

      9.    Admit that the document attached to the Complaint as Exhibit 5 is a true and correct copy of Defendant's HEEL BOOST instruction guide.

**ANSWER:**

      10.    Admit that Defendant was aware of Plaintiff's Copyright prior to creating Defendant's HEEL BOOST product literature attached to the Complaint as Exhibit 5.

**ANSWER:**

      11.    Admit that Defendant is not authorized or licensed to use Plaintiff's Mark.

**ANSWER:**

      12.    Admit that Defendant is not authorized or licensed to use Plaintiff's Copyright.

**ANSWER:**

      13.    Admit that Defendant's HEEL BOOST Suspension Boot is not affiliated with, sponsored by, or approved by Plaintiff.

**ANSWER:**

14. Admit that Defendant's product bearing the name HEEL BOOST is distributed through the same trade channels, is offered for sale to the public through the same retail outlets, and are purchased by the same class of consumers as Plaintiff's Suspension Boot bearing Plaintiff's Mark.

**ANSWER:**

          Respectfully submitted,

          SWANSON, MARTIN & BELL, LLP

          /s/ P. Stephen Fardy
          One of the Attorneys for
          DM Systems, Inc.

P. Stephen Fardy, #6230900
Brendon P. Friesen, #6291555
Keely V. Lewis #6280469
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100