## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DM SYSTEMS, INC. | ) | |
| | ) | **CASE NO. 07 C 6552** |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | JUDGE KENDALL |
| DEROYAL INDUSTRIES, INC. | ) | MAGISTRATE JUDGE COLE |
| | ) | |
| Defendant. | ) | |

## ANSWER AND COUNTERCLAIM

Defendant, DeRoyal Industries, Inc. ("DeRoyal"), by its undersigned attorneys, answers

the complaint of Plaintiff DM Systems, Inc. ("DM Systems") as follows:

## NATURE OF THIS ACTION

1.      This is an action to recover monetary damages and to obtain a preliminary
and permanent injunction for trademark infringement under 15 U.S.C. §1114; Unfair
Competition and False Designation of Origin under 15 U.S.C. §1125; dilution in violation of 765
ILCS 1036/65; for unfair competition in violation of the common law of the State of Illinois;
deceptive trade practices in violation of 815 ILCS 510/2, *et seq.;* consumer fraud and
deceptive business practices in violation of 815 ILCS 505/1, et *seq.;* trademark
dilution in violation of 765 ILCS 1036/65; and for Copyright infringement Under The
Copyright Act, 17 U.S.C. §101, *et seq.*

**ANSWER:**    DeRoyal admits that DM Systems has alleged a variety of claims but

denies any claim exists.

## JURISDICTION AND VENUE

2.      This court has original jurisdiction over the claims in this action which relate to
trademark and copyright infringement pursuant to 15 U.S.C. §§ 1116 and 1121, 17 U.S.C. §501,
28 U.S.C. §§ 1331, 1338(a) and (b).

**ANSWER:**    DeRoyal admits that this Court has subject matter jurisdiction of this

action as alleged.  DeRoyal denies that DM Systems has pled proper causes of action, and denies

that DM Systems is entitled to any relief as alleged or otherwise.

3.     This court has supplemental jurisdiction over DM Systems' state law claims in this Complaint which arise under the statutory and common law of the State of Illinois pursuant to 28 U.S.C. §1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive form a common nucleus of operative facts.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

4.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a). A substantial part of the events giving rise to the claims herein occurred in this District, as the infringing goods and product literature that are the subject of this litigation were distributed, sold, and/or offered for sale in the Northern District of Illinois; Defendant does business in this District with local sales representatives located throughout Illinois, including in the Northern District of Illinois, and is otherwise subject to personal jurisdiction in this District, as further described *infra*.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

## THE PARTIES

5.     DM Systems is an Illinois corporation with its principal place of business at 1316 Sherman Avenue in Evanston, IL 60201.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

6.     Defendant is a Tennessee corporation with its principal place of business at 200 DeBusk Lane in Powell, TN 37849

**ANSWER:**     Admitted.

## FACTUAL BACKGROUND

7.     DM Systems is in the market of developing, designing, manufacturing, and distributing advanced and innovative wound care, casting, resistive exercise and rehabilitation products, as well as sports medicine equipment and supplies. DM Systems' products are used to prevent heel pressure ulcers, relieve elbow pain, and prevent or rehab injuries involving the ankle, shoulder and leg.

**ANSWER:**    Upon information and belief, it is admitted DM Systems markets a product used to prevent heel pressure ulcers.  DeRoyal is without sufficient knowledge or information to admit or deny the remaining averments of paragraph 7 of the Complaint and accordingly the same are denied.

*The HEELIFT® Suspension Boot*

8.    Since at least as early as 1993, DM Systems has manufactured, sold, and otherwise continuously placed in commerce the HEELIFT suspension boot. The HEELIFT suspension boot is designed to prevent heel ulcers by elevating and suspending the heel in a protective and padded space, virtually eliminating heel pressure. The HEELIFT suspension boot effectively removes pressure from the heel, by redistributing the pressure to the calf, preventing the development of pressure ulcers. Its use minimizes the chances for irritation or pressure points by gently cradling and cushioning the lower leg while elevating the foot.

**ANSWER:**    Upon information and belief, it is admitted DM Systems markets a HEELIFT suspension boot used to prevent heel pressure ulcers.  DeRoyal is without sufficient knowledge or information to admit or deny the remaining averments of paragraph 8 of the Complaint and accordingly the same are denied.

9.    DM Systems owns all rights, title, and interest in and to USPTO Registration No. 2504470 issued November 6, 2001 for the word mark HEELIFT in International Class 10 for "heel supporting boot for use by bed patients for the prevention and treatment of ankle, foot and heel sores" (the "HEELIFT Mark"). See Certificate of Registration for HEELIFT with Registration No. 2504470 record attached hereto as Exhibit 1.

**ANSWER:**    DeRoyal admits the existence of USPTO Trademark Registration 2,504,470.  DeRoyal is without sufficient knowledge or information to form a belief as to truth of the averments of the remaining averment of paragraph 9 and therefore denies same.

10.    DM Systems' right to use the HEELIFT Mark in commerce is incontestable pursuant to 15 U.S.C. §1065. DM Systems has continuously used the aforementioned HEELIFT Mark in commerce in connection with suspension boots since at least as early as 1993. These registrations are valid, unrevoked, and uncancelled.

**ANSWER:**    DeRoyal is without sufficient knowledge or information to form a belief as to truth of the averments of this paragraph and therefore denies same.

3

11.     First introduced in 1993, the HEELIFT suspension boot was revolutionary in the heel ulcer prevention and wound care market and in the medical field in general. Recognizing that heel ulcers in bed patients was a primary concern amongst medical practitioners, DM Systems spent and continues to spend thousands of dollars in research, development, and quality control for its suspension boots in order to maintain its extremely high levels of product quality and customer satisfaction.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief as to truth of the averments of this paragraph and therefore denies same.

12.     On account of almost two decades of the aforesaid use, along with extensive promotion, publicity, and advertising costs in the hundreds of thousands of dollars, DM Systems has developed and acquired enormous value, and inestimable goodwill in the HEELIFT Mark. The HEELIFT Mark has reached recognition with the consuming public in the relevant trade channels in the State of Illinois, nationally, and internationally, particularly in the medical products and supplies market and wound care field. The HEELIFT Mark has acquired significant secondary meaning as a symbol of the highest quality and reliability for suspension boots.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief as to truth of the averments of this paragraph and therefore denies same.  Further answering, DeRoyal specifically denies that the HEELIFT mark has acquired a secondary meaning.

13.     Concomitantly with the aforementioned use of the HEELIFT Mark, DM Systems has also designed and developed a distinctive and aesthetically pleasing trade dress for its HEELIFT suspension boot. This trade dress consists of unique and nonfunctional product configuration, which includes a specialized flesh colored foam boot, two white distinctively sized and placed straps, a distinctive white backing, and a distinctive hole pattern (hereinafter the "HEELIFT Trade Dress"). See attached depiction of the HEELIFT Trade Dress is attached hereto as Exhibit 2.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief as to truth of the averments of this paragraph and therefore denies same.  Further answering, DeRoyal specifically denies that the suspension boot product configuration has acquired a secondary meaning as alleged or otherwise.

14.     The HEELIFT Trade Dress, as described above, is easily recognized by the public, is a source identified, and is otherwise understood to mean that the particular suspension boot originates with DM Systems and constitutes a genuine HEELIFT suspension boot. The HEELIFT Trade Dress has acquired secondary meaning among the relevant trade channels and

consuming public as a symbol identifying the HEELIFT suspension boot and the source of high quality goods.

__ANSWER:__   DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.  Further answering,

DeRoyal specifically denies that the HEELIFT trade dress as alleged or otherwise has acquired a

secondary meaning.

*DM Systems' Copyrights*

15.     DM Systems is the original author in the creation of and owner of various copyrightable advertisements, product literature, instruction guides, and other marketing materials for the HEELIFT suspension boot, consisting of various tangible mediums of expression, including photographs, artwork, and text.

__ANSWER:__   DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

16.     The copyright in one of the various HEELIFT instruction guides was registered with the United States Copyright Office in compliance with the Copyright Revision Act of 1976 (17 U.S.C. §101, *et seq.*) and the Copyright Office Regulations. See the HEELIFT Instruction Guide Registration Certificate with Registration No. VA 1- 077-005 attached hereto as Exhibit 3 (the "HEELIFT Instruction Guide").

__ANSWER:__   DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

17.     Prior to and after the date the above mentioned copyright was secured; the HEELIFT Instruction Guide was published and distributed in compliance with the Copyright Act. At all times relevant hereto, DM Systems has owned all rights, title, interest in and to the copyright in the HEELIFT Instruction Guide.

__ANSWER:__   DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

*Defendant's Unlawful Acts*

18.     Defendant is an international manufacturer and distributor of medical supplies and products, with facilities in the United States, Guatemala, Estonia, Canada, Costa Rica, and

Ireland. Defendant manufactures a variety of products for use in the wound care field, including suspension boots.

    **ANSWER:**   Admitted.

    19.    From at least the summer of 2007 and continuing to the date of the filing of this Complaint, Defendant has engaged in a systematic pattern of willful and intentional trademark and trade dress infringement, unfair competition, and false designation of origin, dilution, deceptive trade practices, and copyright infringement.

    **ANSWER:**   Denied.

    20.    Defendant, without authorization or license from DM Systems, has willfully and intentionally infringed on the HEELIFT Mark by its adoption and use of the mark HEEL BOOST in connection with their manufacturing, distributing, exporting, importing, advertising, marketing, selling and/or offering to sell suspension boots. See copy of Defendant's product literature for its suspension boot bearing the mark HEEL BOOST, attached hereto as Exhibit 4.

    **ANSWER:**   Denied.

    21.    Defendant has offered and continues to offer for sale to the public, in interstate commerce, suspension boots bearing the name HEEL BOOST. DM Systems' HEELIFT suspension boots are distributed through the same trade channels, are offered for sale to the public through the same retail outlets, and are purchased by the same class of consumers as Defendant's suspension boots which bear the mark HEEL BOOST.

    **ANSWER:**   Denied.

    22.    Defendant's acts of infringement have already repeatedly caused and/or are further likely to cause actual confusion or a misunderstanding as to the source, sponsorship, or approval of the HEEL BOOST suspension boot and otherwise constitute unfair competition with DM Systems. At least one instance of actual confusion took place in the Chicago area.

    **ANSWER:**   Denied.

    23.    Subsequent to DM Systems' first use of its distinctive HEELIFT Trade Dress in the United States, Defendant adopted and began to use a trade dress confusingly similar to the HEELIFT Trade Dress in connection with its HEEL BOOST suspension boot, directly competitive with the HEELIFT suspension boot of DM Systems. See Exhibit 4.

    **ANSWER:**   Denied.

    24.    Even though they are of significantly inferior quality and workmanship, Defendant has superficially copied nearly every aspect of the HEELIFT Trade Dress with the willful intention and purpose of trading on the valuable goodwill associated with the HEELIFT Trade Dress. Defendant has replicated the HEELIFT Trade Dress including, but not limited to,

the specialized flesh colored boot, two distinctively sized and placed white straps, a distinctive white backing, and the distinctive hole pattern. Defendant has replicated in substantial detail the unique and distinctive visual presentation of the HEELIFT suspension boot. There are many different ways Defendant could have configured its suspension boot without copying the particulars of DM Systems' HEELIFT trade dress, but it chose not to do so.

> **ANSWER:**     Denied.

25.     Defendant's use of trade dress that imitates or simulates DM Systems' distinctive trade dress falsely represents to consumers that its product originates with DM Systems or that DM Systems and Defendant are affiliated or have common sponsorship, has in the past and will continue to cause confusion, mistake or deception among the public, and is likely to cause members of the public mistakenly to believe that Defendant's product originate with or are rendered by or in affiliation with, or under license from, or with the approval of, DM Systems.

> **ANSWER:**     Denied.

26.     Defendant's use of confusingly similar trade dress is likely to and does permit Defendant to misappropriate and unfairly trade on the valuable good will and reputation of DM Systems and will subject that goodwill and reputation in DM Systems' distinctive trade dress to the hazards and perils attendant upon Defendant's business activities, over which DM Systems has no control.

> **ANSWER:**     Denied.

27.     Defendant has also infringed on the copyrighted HEELIFT Instruction Guide by Defendant's use of the HEEL BOOST instruction guide. A true and correct copy of the HEEL BOOST instruction guide is attached hereto as Exhibit 5. The HEEL BOOST instruction guide is substantially similar to the HEELIFT Instruction Guide in artistic design, drawings, text, and overall layout.

> **ANSWER:**     Denied.

28.     Prior to the commencement of this suit, by certified letter dated September 17, 2007, DM Systems advised Defendant of its infringement of the HEELIFT Mark by that Defendant's use of the HEEL BOOST mark and demanded Defendant to cease and desist all use of the HEEL BOOST mark. Defendant formally responded to DM Systems' demand on October 17, 2007, wherein Defendant rejected DM Systems' claims of infringement and refused to cease and desist use of the HEEL BOOST mark and continues to sell the product that infringes on the HEELIFT Mark and HEELIFT Trade Dress.

> **ANSWER:**     DeRoyal admits that it received a letter alleging infringement and that
> DeRoyal responded denying any infringement.  DeRoyal denies that any of its activities infringes
> upon any legitimate right of DM Systems.

7

## COUNT ONE
### (Trademark Infringement – 15 U.S.C. §1114)

29.     DM Systems repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

**ANSWER:**     DeRoyal's responses to paragraphs 1-28 are incorporated by reference.

30.     The HEELIFT Mark and the goodwill associated with it is of great and incalculable value, is highly distinctive, and have become universally associated in the public mind with the products of the very highest quality and reputation finding their source in DM Systems.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

31.     Without DM Systems' authorization or consent, and having knowledge of DM Systems' well-known and prior rights in the HEELIFT Marks, Defendant has manufactured, distributed, imported, exported, advertised, marketed offered for sale and/or sold their infringing suspension boot, bearing a mark which is confusingly similar to the HEELIFT Mark, to the consuming public in direct competition with DM Systems' sale of suspension boots.

**ANSWER:**     Denied.

32.     Defendant's use of the HEEL BOOST mark on suspension boots is likely to cause and is causing confusion, mistake and deception among the general purchasing public as to the origin of the suspension boot, and is likely to deceive the public into believing that the HEEL BOOST suspension boot sold by Defendant originates from, is associated with or are otherwise sponsored, authorized, or approved by DM Systems, all to the damage and detriment of DM Systems' reputation, goodwill, and sales.

**ANSWER:**     Denied.

33.     Defendant's aforesaid acts are in knowing and willful violation of DM Systems' rights under 15 U.S.C. §1114, and 15 U.S.C. §1116-1118, inclusive (Lanham Act § 32), which imposes liability for the unconsented use in commerce of any reproduction, counterfeit, copy or colorable imitation of a registered mark which is likely to cause confusion, cause a mistake, or to deceive.

**ANSWER:**     Denied.

34.     DM Systems has no adequate remedy at law and, if Defendant's activities are not enjoined, DM Systems will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:**    Denied.

35.    As a direct and proximate result of Defendant's conduct, DM Systems has suffered damages to its valuable HEELIFT Mark, and other damages in an amount to be proven at trial.

**ANSWER:**    Denied.

### COUNT TWO
### (Unfair Competition and False Designation of Origin 15 U.S.C. §1125)

36.    DM Systems repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

**ANSWER:**    DeRoyal's responses to paragraphs 1-28 are incorporated by reference.

37.    Defendant's actions in using the HEEL BOOST mark in connection with suspension boots is done so knowingly, willfully, and intentionally in violation of 15 USC §1125(A) (Lanham Act §43(a)) which imposes liability for using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. Consumers believe they are purchasing the HEELIFT suspension boot when in fact they are purchasing Defendant's HEEL BOOST. Defendant is trading off the goodwill of DM Systems.

**ANSWER:**    Denied.

38.    Defendant's actions using the infringing HEEL BOOST trade dress are done so knowingly, willfully, and intentionally in violation of DM Systems' rights under 15 USC §1125(A), in and to the non-functional and distinctive HEELIFT Trade Dress, which imposes liability for using in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person. Consumers believe they are purchasing the HEELIFT suspension boot when in fact they are purchasing Defendant's HEEL BOOST. Defendant is trading off the goodwill of DM Systems.

**ANSWER:**    Denied.

39.    DM Systems has no adequate remedy at law and, if Defendant's activities are not enjoined, DM Systems will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:**    Denied.

9

40.    As a direct and proximate result of Defendant's conduct, DM Systems has suffered damages to its valuable HEELIFT Mark and HEELIFT Trade Dress, and other damages in an amount to be proven at trial.

**ANSWER:**    Denied.

## COUNT THREE
### (Common Law Unfair Competition)

41.    DM Systems repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

**ANSWER:**    DeRoyal's responses to paragraphs 1-28 are incorporated by reference.

42.    Defendant's use of the infringing HEEL BOOST name and infringing trade dress are being done with the intent to deceive, confuse, and cause mistake as to the origin of the goods or having the sponsorship, affiliation or approval of DM Systems' in order to trade on the goodwill created by DM Systems in the HEELIFT Mark and HEELIFT Trade Dress.

**ANSWER:**    Denied.

43.    Defendant's unauthorized use constitutes the common law tort of unfair competition.

**ANSWER:**    Denied.

44.    The aforesaid acts of Defendant constitute the infringement, imitation, and misappropriation of DM Systems' trademarks, trade dress, unjust enrichment, and unfair competition with DM Systems in violation of DM Systems' rights at common law.

**ANSWER:**    Denied.

45.    Defendant's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to DM Systems.

**ANSWER:**    Denied.

46.    DM Systems has no adequate remedy at law and, if Defendant's activities are not enjoined, DM Systems will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:**    Denied.

47.    As a direct and proximate result of Defendant's conduct, DM Systems has suffered damages to its valuable HEELIFT Mark and HEELIFT Trade Dress, and other damages in an amount to be proven at trial.

**ANSWER:**     Denied.

48.     Upon information and belief, Defendant's aforesaid conduct was oppressive, fraudulent and malicious, entitling DM Systems to an award of punitive damages.

**ANSWER:**     Denied.

## COUNT FOUR
### (Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq.*)

49.     DM Systems repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

**ANSWER:**     DeRoyal's responses to paragraphs 1-28 are incorporated by reference.

50.     Defendant's use of the HEEL BOOST mark on suspension boots and the HEEL BOOST trade dress constitutes deceptive trade practices in violation of 815 ILCS 510/1 et seq. insofar as it:

        a.     Passes off Defendant's products as that of DM Systems';

        b.     Causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods;

        c.     Causes a likelihood of confusion or of misunderstanding as to the affiliation, connection, or association with or certification by DM Systems;

        d.     Represents that Defendant's goods have sponsorship or approval as to the affiliation, connection or association with or certification by DM Systems;

**ANSWER:**     Denied.

51.     Upon information and belief, Defendant has willfully engaged in the deceptive trade practices alleged above.

**ANSWER:**     Denied.

52.     Defendant's aforesaid acts have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to DM Systems.

**ANSWER:**     Denied.

53.     Defendant's statutory violations and other wrongful acts have injured and threaten to continue to injure DM Systems, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its trademark.

**ANSWER:**    Denied.

54.    Defendant has realized revenue and profits by virtue of its wrongful acts that it otherwise would not have obtained and to which it is not entitled.

**ANSWER:**    Denied.

55.    DM Systems has also been injured and will continue to incur attorneys' fees and costs in bringing the present action.

**ANSWER:**    Denied.

56.    DM Systems has no adequate remedy at law and, if Defendant's activities are not enjoined, DM Systems will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:**    Denied.

## COUNT FIVE
### (Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 *et seq.*)

57.    DM Systems repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

**ANSWER:**    DeRoyal's responses to paragraphs 1-28 are incorporated by reference.

58.    Defendant's acts as stated above, constitute deceptive business practices in that as alleged previously, those acts in trade and commerce use and employ practices set out in Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon the concealment, suppression or omission of such material fact.

**ANSWER:**    Denied.

59.    Defendant's violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and other wrongful acts have injured and threaten to continue to injure DM Systems, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its HEELIFT Mark and HEELIFT Trade Dress.

**ANSWER:**    Denied.

60.    DM Systems has no adequate remedy at law and, if Defendant's activities are not enjoined, DM Systems will continue to suffer irreparable harm and injury to its goodwill and reputation.

**ANSWER:**    Denied.

### COUNT SIX
### (Illinois Trademark Dilution, 765 ILCS 1036/65)

61.    DM Systems repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

**ANSWER:**    DeRoyal's responses to paragraphs 1-28 are incorporated by reference.

62.    The HEELIFT Mark has become, and continues to be, famous in the State of Illinois.

**ANSWER:**    DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

63.    Defendant's use of the HEEL BOOST mark in connection with the sale of Defendant's suspension boot began well after the HEELIFT Mark became famous and has caused and will continue to cause dilution of the distinctive quality of the HEELIFT Mark.

**ANSWER:**    Denied.

64.    Upon information and belief, Defendant willfully intended to trade on DM System's reputation or to cause dilution of the HEELIFT Mark.

**ANSWER:**    Denied.

65.    Defendant's advertisement, offering for sale and/or sale of the HEEL BOOST suspension boot has injured and threatens to continue to injure DM Systems, including loss of customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of its HEELIFT Mark.

**ANSWER:**    Denied.

66.    Defendant's acts alleged herein have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to DM Systems for which DM Systems has no adequate remedy at law.

**ANSWER:**    Denied.

### COUNT SEVEN
### (Copyright Infringement – 17 U.S.C. §502, *et seq.*)

67.    DM Systems repeats and realleges the allegations contained in paragraphs 1-28 as if fully set forth herein.

13

**ANSWER:**     DeRoyal's responses to paragraphs 1-28 are incorporated by reference.

68.     Since the creation of the HEELIFT Instruction Guide, DM Systems has been, and still is, the sole owner of all right, title, and interest in and to the corresponding copyrights and Certificates of Registration.

**ANSWER:**     DeRoyal is without sufficient knowledge or information to form a belief

as to truth of the averments of this paragraph and therefore denies same.

69.     Defendant has willfully infringed the copyright in the HEELIFT Instruction Guide by copying distributing, without any authorization from DM Systems, infringing instruction guide for the HEEL BOOST suspension boot in the United States.

**ANSWER:**     Denied.

70.     As a result of the foregoing activities, Defendant is liable to DM Systems for willful copyright infringement under 17 U.S. §501. DM Systems has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as losses in an amount to be proven at trial. In addition to DM System's actual damages, DM Systems is entitled to receive the profits made by Defendant from their wrongful acts, pursuant to 17 U.S.C. §504. In the alternative, DM Systems is entitled to statutory damages pursuant to 17 U.S.C. §504(c) and these statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2) because of Defendant's willful copyright infringement.

**ANSWER:**     Denied.

71.     DM Systems has no adequate remedy at law for the Defendant's wrongful conduct. Defendant's acts of copyright infringement have cause DM Systems irreparable injury and Defendant's threaten to continue to commit these acts. Accordingly, DM Systems is entitled to injunctive relief pursuant to 17 U.S.C. §502.

**ANSWER:**     Denied.

72.     DM Systems is entitled to recover its attorneys' fees and costs of suit pursuant to §17 U.S.C. §505.

**ANSWER:**     Denied.

As to all Prayers for relief set forth in the Complaint, DeRoyal denies that DM Systems is entitled to any relief as alleged or otherwise as to this Defendant.

All other averments in the notice of Complaint not specifically admitted or denied are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.     There is no likelihood of confusion between the "Heel Boost" terminology used by DeRoyal and any mark or name previously used by Plaintiff.

2.     No activity of DeRoyal falsely suggests a connection with Plaintiff.

3.     No valid trade dress rights are encompassed by the Plaintiff's heel suspension boot as alleged or otherwise.

4.     DeRoyal has not copied any copyrightable subject matter owned by Plaintiff.

5.     The Complaint is barred by laches.

6.     The Complaint is barred by acquiescence.

7.     The Complaint is barred by estoppel.

8.     The Complaint is barred by unclean hands.

9.     The Complaint is barred by naked license and/or license.

10.     The Complaint is barred by waiver.

11.     Plaintiff's alleged trademark "HEELIFT" is a generic term, not emtitled to trademark protection.

12.     Plaintiff's alleged trademark "HEELIFT" is so highly descriptive that it is incapable of becoming a trademark.

13.     The Complaint fails to state a claim upon which relief may be granted.

WHEREFORE, DeRoyal prays that the Complaint filed against it be DISMISSED, and that DeRoyal be granted such other and further action and relief as is deemed just and proper.

15

## COUNTERCLAIM

1.      Defendant and Counterclaim Plaintiff, DeRoyal Industries, Inc. ("DeRoyal") please the following Counterclaim against Plaintiff and Counterclaim Defendant DM Systems, Inc. ("DM Systems").

## PARTIES

2.      Counterclaim Plaintiff to Royal is a Tennessee Corporation, having a regular and established place of business in Powell, Tennessee.

3.      On information and belief, counter Defendant DM Systems is an Illinois Corporation having a regular and established place of business in Evanston, Illinois.

## JURISDICTION AND VENUE

4.      This is a Counterclaim for Declaratory Judgment pursuant to 28 USC § 2201 with regard to an actual controversy between Counterclaim Plaintiff DeRoyal and Counterclaim Defendant DM Systems and for cancellation of a Federal Trademark Registration pursuant to 15 USC § 1119.

5.      Subject matter jurisdiction of this Counterclaim arises under 28 USC § 1367 in that the Counterclaim forms part of the same case or controversy as DM Systems claims in the Complaint, and under 28 USC §§ 1331 and 1338(a) and 15 USC §§ 1119 and 1121(a).

6.      Venue is proper in the judicial district under 28 USC §§ 1391 (b) and (c) in that DM Systems transacts business affairs within this district and filed its Complaint in this district.

16

## COUNTERCLAIM CAUSE OF ACTION

## DECLARATORY JUDGMENT AND CANCELLATION OF
## FEDERAL TRADEMARK REGISTRATION NO. 2,504,470

As its Counterclaim for declaratory judgment and cancellation of Federal Trademark Registration No. 2,504,470 against Counterclaim Defendant DM Systems, Counterclaim Plaintiff DeRoyal hereby alleges as follows:

7.     Counterclaim Plaintiff in DeRoyal hereby realleges paragraphs 1 through 6 of its Counterclaim, as if fully set forth herein.

8.     On information and belief, Counterclaim Defendant DM Systems owns Federal Trademark Registration No. 2,504,470 for HEELIFT in connection with a heel supporting boot for use by bed patients for the prevention and treatment of ankle, foot and heel sores.

9.     Counterclaim Plaintiff DeRoyal markets and sells a heel supporting boot for use by bed patients.  It describes its product using the generic term "heel boost."

10.     The term "HEELIFT" is a commonly used, generic term for a heel supporting boot for use by bed patients.

11.     The term "HEELIFT" is so highly descriptive of a heel supporting boot for use by bed patients for the prevention and treatment of heel sores, that it is incapable of functioning as a trademark irrespective of how much use, advertising, or promotion of the term "HEELIFT" is made

12.     Registration No. 2,504,470 should be canceled pursuant to 15 USC 1064 (3), as "HEELIFT" is generic.

13.     The existence of Registration No. 2,504,470 is damaging to DeRoyal.   DM Systems has charged DeRoyal with trademark infringement, claiming exclusive rights in the term HEELIFT based on its ownership of Registration No. 2,504,470 and demanding that

DeRoyal cease and desist from any use of its term "heel boost" in connection with a heel supporting boot for use by bed patients for the prevention and treatment of heel sores by first making written cease and desist demands and then through its Complaint in the present case, all to the detriment of DeRoyal.

WHEREFORE, Defendant and Counterclaim Plaintiff DeRoyal prays for relief as follows:

a. That this Court enter judgment for the Defendant and Counterclaim Plaintiff DeRoyal on all the claims made in the Plaintiff and Counterclaim Defendant DM Systems' Complaint;

b. That this Court grant and enter a judgment that that HEELIFT is a generic term, and that Federal Trademark Registration 2,504,470 for HEELIFT be cancelled, and that the Director of the USPTO be provided with a certified Order of same;

c. That DM Systems and its agents, officers, attorneys, representatives, and those acting in concert and/or privity with them be permanently enjoined by this Court from suing, threatening to sue, or making any charges that DeRoyal, or any of its customers, have committed any acts if trademark infringement, unfair competition, or dilution respecting the term HEELIFT.

d. And that DeRoyal have such other and further relief as the Court may deem just.

### JURY DEMAND

DeRoyal demands trial by jury.

December 17, 2007

Respectfully submitted.


__s/ Christian G. Stahl_____
Local Counsel for Defendant


Geoffrey D. Kressin
Luedeka, Neely & Graham, P.C.
P. O. Box 1871
Knoxville, TN 37901-1871
(865) 546-4305


Christian G. Stahl
Bell, Boyd & Lloyd LLP
70 W. Madison St., Ste. 3100
Chicago, IL 60602-4207
Telephone: (312) 558-7848
Telefax: (312) 345-9066

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that he caused a copy of DeRoyal

Industries, Inc.'s Answer and Counterclaim to be served upon:

> P. Stephen Fardy, Esq.
> SWANSON, MARTIN & BELL, LLP
> 330 N. Wabash St., Suite 3300
> Chicago, Illinois 60611

by U.S. Mail, this 17th day of December, 2007.

s/Christian G. Stahl
_____
Christian G. Stahl
