IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DM SYSTEMS, INC. ) | |
| ) | CASE NO.: 07cv6552 |
| Plaintiff, ) | |
| ) | JUDGE KENDALL |
| -vs- ) | |
| ) | MAGISTRATE JUDGE COLE |
| DeROYAL INDUSTRIES, INC. ) | |
| ) | |
| Defendant ) | |

**DM SYSTEMS, INC.'S REPLY TO COUNTERCLAIM**

Counterclaim Defendant, DM Systems, Inc. ("DM Systems"), by its undersigned attorneys, Swanson, Martin & Bell, LLP for its reply to DeRoyal Industries, Inc. ("DeRoyal") counterclaim states as follows:

**PARTIES**

2.  Counterclaim Plaintiff to Royal {sic} is a Tennessee Corporation, having a regular and established place of business in Powell, Tennessee.

**ANSWER:** DM Systems lacks sufficient information to admit or deny the allegations contained in Paragraph 2, and, therefore, denies the same.

3.  On information and belief, counter Defendant DM Systems is an Illinois Corporation having a regular and established place of business in Evanston, Illinois.

**ANSWER:** DM Systems admits the allegations contained in Paragraph 3.

**JURISDICTION AND VENUE**

4.  This is a Counterclaim for Declaratory Judgment pursuant to 28 USC § 2201 with regard to an actual controversy between Counterclaim Plaintiff DeRoyal and Counterclaim Defendant DM Systems and for cancellation of a Federal Trademark

Registration pursuant to 15 USC § 1119.

**ANSWER:**  DM Systems admits that controversy exists between it and DeRoyal, but denies DeRoyal has stated any valid counterclaim against DM Systems.

5.  Subject matter jurisdiction of this Counterclaim arises under 28 USC § 1367 in that the Counterclaim forms part of the same case or controversy as DM Systems claims in the Complaint, and under 28 USC §§ 1331 and 1338(a) and 15 USC §§ 1119 and 1121(a).

**ANSWER:**  DM Systems admits that this Court has subject matter jurisdiction over this alleged counterclaim, but denies the remaining allegations.

6.  Venue is proper in the judicial district under 28 USC §§ 1391 (b) and (c) in that DM Systems transacts business affairs within this district and filed its Complaint in this district.

**ANSWER:**  DM Systems lacks sufficient information to admit or deny the allegations contained in Paragraph 6 and, therefore, denies the same.

## COUNTERCLAIM CAUSE OF ACTION
## DECLARATORY JUDGMENT AND CANCELLATION OF FEDERAL TRADEMARK REGISTRATION NO. 2,504,470

7.  Counterclaim Plaintiff DeRoyal hereby realleges paragraphs 1 through 6 of its Counterclaim, as if fully set forth herein.

**ANSWER:**   DM Systems incorporates its admissions and denials set forth in Paragraphs 1-6 as if fully rewritten herein.

8.  On information and belief, Counterclaim Defendant DM Systems owns Federal Trademark Registration No. 2,504,470 for HEELIFT in connection with a heel supporting boot for use by bed patients for the prevention and treatment of ankle, foot

and heel sores.

**ANSWER:** DM Systems admits the allegations contained in Paragraph 8.

9.  Counterclaim Plaintiff DeRoyal markets and sells a heel supporting boot for use by bed patients. It describes its product using the generic term "heel boost."

**ANSWER:** DM Systems admits DeRoyal markets and sells a heel supporting boot for use by bed patients, but denies the remaining allegations contained in Paragraph 9.

10.  The term "HEELIFT" is a commonly used, generic term for a heel supporting boot for use by bed patients.

**ANSWER:** DM Systems denies the allegations contained in Paragraph 10.

11.  The term "HEELIFT" is so highly descriptive of a heel supporting boot for use by bed patients for the prevention and treatment of heel sores, that it is incapable of functioning as a trademark irrespective of how much use, advertising, or promotion of the term "HEELIFT" is made.

**ANSWER:** DM Systems denies the allegations contained in Paragraph 11.

12.  Registration No. 2,504,470 should be canceled pursuant to 15 USC 1064 (3), as "HEELIFT" is generic.

**ANSWER:** DM Systems denies the allegations contained in Paragraph 12.

13.  The existence of Registration No. 2,504,470 is damaging to DeRoyal. DM Systems has charged DeRoyal with trademark infringement, claiming exclusive rights in the term HEELIFT based on its ownership of Registration No. 2,504,470 and demanding that DeRoyal cease and desist from any use of its term "heel boost" in connection with a heel supporting boot for use by bed patients for the prevention and treatment of heel sores by first making written cease and desist demands and then

through its Complaint in the present case, all to the detriment of DeRoyal.

**ANSWER:** DM Systems admits it has charged DeRoyal with trademark infringement, amongst other claims, but denies the remaining allegations.

## AFFIRMATIVE DEFENSES

Counter-Defendant, DM Systems, Inc, ("DM Systems"), by and through its attorneys, Swanson, Martin & Bell, LLP, advances the following Affirmative Defenses to Counter-Plaintiff DeRoyal Industries, Inc.'s Counterclaim:

1. DeRoyal has failed to state a claim upon which relief can be granted.

2. DeRoyal's claims are barred by the doctrines of unclean hands and laches.

3. DM Systems' registered trademark "Heelift" is incontestable pursuant to 15 U.S.C. §1065.

WHEREFORE, Counter-Defendant, DM Systems, Inc., denies that Counter-Plaintiff DeRoyal Industries, Inc. is entitled to any judgment, equitable relief or damages in any amount whatsoever against it, and prays for dismissal of DeRoyal's counterclaim with prejudice together with costs.

Respectfully submitted,

**Swanson, Martin & Bell, LLP**

By: s/Brendon P. Friesen
One of the attorneys for DM Systems, Inc.

P. Stephen Fardy, #6230900
Brendon P. Friesen, #6291555
Keely V. Lewis #6280469
**Swanson, Martin & Bell, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100